**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Y E S E N I A   O Q U E N D O ,   M A R I A  )<br>GARCIA,  MARGUERITA  SEGURA,  )<br>a n d   D E L F I N O   G O N Z A L E Z ,  )<br>Individually and on Behalf of All Others  )<br>Similarly Situated, )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>GERALEX,  INC.,  a/k/a  GERALEX  )<br>JANITORIAL  SERVICES;  GERALEX  )<br>S I M P L E   S O L U T I O N S ,   L L C ;  )<br>G E R A R D O   A L V A R A D O ;   a n d  )<br>ALEJANDRA ALVARADO, )<br> )<br>Defendants. | <br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs, Yesenia Oquendo, Maria Garcia, Marguerita Segura, and Delfino Gonzalez,

individually and on behalf of all others similarly situated, for their Class Action and Collective

Action Complaint against Defendants Geralex, Inc., also known as Geralex Janitorial Services;

Geralex Simple Solutions, LLC; Gerardo Alvarado and Alejandra Alvarado (collectively,

"Defendants"), state as follows:

**Nature of Plaintiffs' Claims**

1.  This is a collective action under the Fair Labor Standards Act ("FLSA") and a Rule 23

class action under the Illinois Minimum Wage Law ("IMWL") and the Wage Payment and

Collection Act ("IWPCA") involving janitors whose punched-in times were improperly and

detrimentally rounded by Defendants. Defendants' rounding practice deprived janitors of their earned wages and overtime. As of February 16, 2015, approximately 18 former janitors have filed consent forms which are attached to this Complaint.

**Jurisdiction and Venue**

2.   This Court has original federal question jurisdiction under 28 U.S.C. §1331 for the claims brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.   This Court's supplemental jurisdiction over Plaintiffs' state law claims is required pursuant to 28 U.S.C. § 1367, because those claims are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.   This Court has personal jurisdiction over the Defendants for reasons that include:

(a)  Defendants conduct business and enter into contracts within the State of Illinois and in this District and with businesses located within the State of Illinois and in this District;

(b) As more specifically pled below, Defendants purposefully originated, implemented and controlled the wage and hour policies and practices that gave rise to the FLSA claims asserted herein, and Defendants purposefully directed their improper wage and hour policies and practices at residents of the State of Illinois and janitors who reside in this District, among other people;

(c) Defendants have purposefully directed the marketing of their janitorial services at residents and businesses located in the State of Illinois; and

(d) Defendants purposefully solicit Illinois businesses to enter into service agreements.

4.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants have offices, conduct business, and can be found in the Northern District of Illinois, and the causes of action set forth herein have arisen and occurred in part in the Northern District of Illinois.

**Parties**

   ***i.      Plaintiffs***

5.   Plaintiffs Yesenia Oquendo, Maria Garcia, Marguerita Segura, and Delfino Gonzalez are residents of Chicago, Illinois and were employed by and worked from approximately December, 2012 or later to a time thereafter, some of whom are so employed presently, as hourly paid non-exempt janitors for Defendants in this District during the applicable FLSA statute of limitations period.  A copy of Plaintiffs' consent forms are attached hereto as Group Exhibit A.

   ***ii.     Geralex***

6.   Geralex, Inc. is an Illinois corporation doing business as a janitorial firm in the Chicago, Illinois area, with over 100 employees.  Geralex, Inc. was founded in 2003.  It has filed for use with the Illinois Secretary of State the assumed name of "Geralex Janitorial Services", as well as the name "Geralex Cleaning Service", which name is designated by the Secretary of State as "inactive".  Should either of those assumed names constitute a separate entity, they are also included in this lawsuit as defendants.

7.   At all times between October 16, 2010 through December 1, 2012, Geralex, Inc. was engaged in the business of, amongst other things, providing janitorial cleaning services to purchasers of janitorial cleaning services at Chicago's O'Hare International Airport.

3

8.   Geralex Simple Solutions, LLC ("GSS") is member-managed Illinois Limited Liability Company, formerly known as "GX Enterprises LLC".  Its members are Defendants Alejandra Alvarado and Gerardo Alvarado.  Upon information and belief, GSS manages and acts as the parent organization of Defendant Geralex, Inc.

9.   At all relevant times, Geralex, Inc. and Geralex Simple Solutions, LLC were each the "employer" of Plaintiffs and members of the putative class, as the term "Employer" is defined under the FLSA, the IMWL and the IWPCA.

10.   At all relevant times Geralax, Inc. and Geralex Simple Solutions, LLC directed, implemented and controlled the wage and rounding policies and practices at issue in this lawsuit.   Further, Geralax, Inc. and Geralax Simple Solutions, LLC both ratified and implemented the wage and rounding policies and practices on Plaintiffs and the putative class members.

### *iii.*   *Gerardo and Alejandra Alvarado*

12.   At all relevant times, Alejandra Alvarado, a/k/a Alex Alvarado, has been a founder, an owner and the president of Geralex, Inc.; and manager of GSS.

13.   Alejandra Alvarado, directly and/or jointly with all other Defendants, directed, implemented and controlled the wage and rounding policies and practices at issue in this lawsuit.   Further, they both ratified and implemented the wage and rounding policies and practices used on Plaintiffs and the class members.

14.   At all relevant times, Alejandra Alvarado was the "employer" of Plaintiffs and certain members of the putative class, as the term "Employer" is defined under the FLSA, the IMWL and the IWPCA.

4

15.  At all relevant times, Gerardo Alvarado, a/k/a Geraldo or Gerry Alvarado, has been a founder, an owner and an officer of Geralex, Inc.; and a manager of GSS.

16.  Gerardo Alvarado, directly and/or jointly with all other Defendants, directed, implemented and controlled the wage and rounding policies and practices at issue in this lawsuit.  Further, they both ratified and implemented the wage and rounding policies and practices used on Plaintiffs and the class members.

17.  At all relevant times, Gerardo Alvarado was the "employer" of Plaintiffs and certain members of the putative class, as the term "Employer" is defined under the FLSA, the IMWL and the IWPCA.

18.  Alejandra and Gerardo Alvarado are sometimes collectively referred to herein as "The Alvarado's"; and all Defendants are collectively referred to herein as "Defendants" or "Geralex".

**Factual Background**

19.  Hundreds of janitors employed by Defendants during the relevant time have used finger print recordings as their daily timekeeping system.

20.  Defendants have rounded the actual punch in and punch out times of their janitors at all relevant times.

 *i.*     ***Defendants' Practice of Rounding Time Records***

21.  Plaintiffs Yesenia Oquendo, Maria Garcia, Marguerita Segura and Delfino Gonzalez worked as janitors at O'Hare International Airport in Chicago during the prior three years.

22.  While working as janitors at O'Hare International Airport for Defendants, Defendants used electronic fingerprint scanning as a timekeeping method.

5

23. While working as janitors at O'Hare International Airport during the last three years, Plaintiffs were instructed by their supervisors, managers and/or other employees of Defendants acting under the direction and control of the Alvarado's to begin working early, before their scheduled shift time, in order to collect their supplies, meet with supervisors and get to their designated areas so that they would be at their designated areas, ready to begin cleaning, at the start time of their regularly scheduled shifts.

24. While working as janitors at O'Hare International airport during the last three years, Plaintiffs would regularly arrive and clock-in for work before the start time of their scheduled shift.

25. While working as janitors at O'Hare International Airport, Plaintiffs regularly performed work after punching-in, but before the start time of their scheduled shifts, including but not limited to collecting supplies, preparing equipment and meeting with supervisors.

26. While working as janitors at O'Hare International Airport, Plaintiffs regularly worked through some or all of their thirty minute unpaid meal breaks.

27. Such work would include, but not be limited to, being required to move to another place within O'Hare International Airport to take her meal break.

28. While working as janitors at O'Hare International Airport, Plaintiffs regularly performed work after the end time of their scheduled shifts, but before punching out, including but not limited to cleaning their equipment, replenishing supplies and returning equipment.

29. During the statutory recovery period, Geralex adjusted actual punch times to conform with even hours and/or scheduled shift times, which typically resulted in the Plaintiffs and certain putative class members being paid 40 hours per workweek, or 8 hours per shift.

6

30. The punch cards of Plaintiffs were rounded from the actual punched in time to a rounded time in, to their detriment.

31. The punch cards of Plaintiffs were rounded from an actual punched out time to a rounded time out, to their detriment.

32. At the end of a pay period, Defendants and/or employees of Defendants acting under her direction and control would round away any minutes recorded on Plaintiffs' punch cards that were logged prior to the start time, and/or after the end time, of their regularly scheduled shifts. The rounded times, not the actual times, were then used to calculate and process payroll for Plaintiffs.

33. During the relevant time, Plaintiffs and putative class members were regularly not paid for the additional overtime work performed prior to the start time of their scheduled shifts.

34. During the relevant time, Plaintiffs and putative class members were not regularly paid for the additional overtime work performed after the end time of their scheduled shifts.

35. During the relevant time, Plaintiffs and putative class members were not regularly paid for the additional overtime work performed during their unpaid lunch breaks.

36. During the relevant time, Defendants failed to record, through Plaintiff's time keeping records, the exact times of any break periods provided to Plaintiffs.

37. Plaintiffs Yesenia Oquendo, Maria Garcia, Marguerita Segura and Delfino Gonzalez estimate that they often worked approximately a minimum of one to two hours per work week of unpaid overtime. Records indicating the number of hours that Plaintiffs worked are in the exclusive possession and control of Defendants.

38. Defendants' practice of rounding janitors' punch cards is wide-spread and has occurred for a significant period of time.

39. The identity of the janitors who used punch cards can be determined from the time records themselves, which are required to be kept by Defendants pursuant to 29 C.F.R. § 516 and the FLSA.

40. The setting of wage and hour policies and practices for Defendants' janitors is directly established by The Alvarado's and implemented upon the janitors working for Geralex.

41. At all times relevant herein, The Alvarado's directly and/or jointly with Geralex originated, controlled and implemented the policy, practice and procedure of disciplining, and ultimately terminating, all hourly janitorial employees who arrive after the start time of their scheduled shift.

42. At all times relevant herein, The Alvarado's, directly and/or jointly with Geralex, originated, controlled and implemented the policy, practice and procedure of docking janitors for 15 minutes of time actually worked if they punched in late.

43. At all times relevant herein, The Alvarado's, directly and/or jointly with Geralex established a policy that forbids the payment of overtime to janitors unless it is pre-approved, even though janitors routinely work greater than forty hours per work week, with Defendants' knowledge and at Defendants' direction.

44. As a result of Defendants' wage and hour and rounding practices as alleged herein, Defendants benefited from reduced labor and payroll costs which, in turn, increased the earnings of Geralex and The Alvarado's.

8

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT – OVERTIME WAGES

**(Brought as a Collective Action by Plaintiffs Yesenia Oquendo, Maria Garcia, Marguerita Segura and Delfino Gonzalez, on Behalf of All Others Similarly Situated)**

1-44. Plaintiffs re-allege Paragraphs 1 through 44 as and for Paragraphs 1 through 44 of this Count I.

45. Plaintiffs bring this count as a collective action on behalf of themselves and other similarly situated janitors pursuant to 29 U.S.C. §216(b) to recover unpaid overtime wages, liquidated damages, attorneys' fees and costs, and other damages owed.

46. Plaintiffs and the putative class members are hourly-paid, non-exempt, full-time janitors whom Defendants employed during the three year statutory period and whose daily punch in and punch out time was rounded and/or unpaid as described above.

47. The proposed collective class of similarly situated persons is defined as:

> "All individuals who were and/or are currently employed by the Defendants, their subsidiaries, affiliates, predecessors and/or successors, as janitors or other similarly titled positions at any time during the relevant statute of limitations whose actual punch-in and punch-out times were rounded to their detriment."

48. Common questions of law and fact exist as to all members of the class and predominate over any questions that affect only individual members of the class. These common questions of law and fact include:

   i) whether Defendants improperly rounded the actual punch-in and punch-out times for janitors; and

   ii) whether Defendants improperly failed to pay janitors for time worked during their unpaid meal break.

9

49. Defendants operated under a scheme and practice, as described above, to deprive Plaintiffs and the collective class of overtime compensation and thereby increase their earnings and, ultimately Geralex's profits.

50. Section 207(a)(1) of the FLSA requires that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

51. Plaintiffs and the putative class members were not paid for all hours worked in excess of 40 in a week in violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207(a).

52. While punched in, Plaintiffs and members of the collective class were subject to the control of Defendants and engaged in activities that were not undertaken for their own convenience, necessary for the performance of their duties for Defendants and integral and indispensable to their principal activities. Despite this, Plaintiffs and other members of the collective class regularly were required to work "off the clock" as set forth herein that entitled them to compensation therefore:

a. During meal periods, which were not time for which Plaintiffs were paid, Defendants required and/or permitted Plaintiffs and the putative class members to remain on duty on the premises or at a prescribed work site in the interest of the employer.

b. Defendants required and/or permitted Plaintiffs and the putative class members to routinely work through some or all of their meal periods, without pay.

c. Defendants required and/or permitted Plaintiffs and the putative class members to work off the clock prior to the beginning of the janitor's scheduled shift.

d. Defendants required and/or permitted Plaintiffs and the putative class members to remain on duty on the premises or at a prescribed work site, after they were punched-out and off the clock, in the interest of the employer.

10

53. Defendants' rounding practices violated the overtime provisions of the FLSA because Defendants did not pay the overtime wages for all work performed by Plaintiffs and the similarly-situated employees.

54. Defendants' rounding practices as set forth herein violate the record-keeping requirements set forth in Section 29 U.S.C. § 211(c), and in 29 C.F.R. § 516.2(7)-(9).

55. At all times relevant hereto, the action of Defendants to not pay overtime or premium pay for all hours worked over 40 in a week and their failure to keep accurate payroll records was willful in that Defendants knew that the FLSA required them to pay time and one-half for all hours worked over 40 in a workweek and Defendants knew that the FLSA required them to maintain true and accurate records.

56. As a direct and proximate result thereof, Plaintiffs and similarly situated janitors are due unpaid overtime and liquidated damages, pursuant to 29 U.S.C. § 216.

57. Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

58. Plaintiffs estimate that there are at least three hundred fifty (350) putative members of the collective class. The precise number of collective class members can be ascertained by using Defendants' payroll and personnel records.

59. As of February 23, 2015, there are approximately 18 current and former janitors who have opted into this collective action. Please see attached Group Exhibit B.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

A. Authorize notice at the earliest possible time informing the similarly situated janitors that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked regular hours or overtime hours in excess of forty hours in a week during the liability period;

B. Order the Defendants to furnish to counsel a list of all names and last known addresses of all non-exempt hourly-paid janitors employed by Defendants who currently or previously worked for Defendants in the United States within three years of the filing of the original Complaint, and whose time was rounded to their detriment;

C. Declare and find that the Defendants committed one or more of the following acts:

   i. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated persons who opt-in to this action; and

   ii. Willfully violated the overtime provisions of the FLSA; and

   iii. Willfully violated the recordkeeping provisions of the FLSA;

D. Award compensatory damages, including all pay owed, in an amount according to proof;

E. Award liquidated damages on all compensation due accruing from the date such amounts were due;

F. Award all costs and reasonable attorneys' fees incurred in prosecuting this claim; and

G. For such further relief as the Court deems just and equitable.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

**(Brought as a Rule 23 Class Action by Plaintiffs Yesenia Oquendo, Maria Garcia, Marguerita Segura and Delfino Gonzalez, Individually and on Behalf of All Others Similarly Situated)**

60. Plaintiffs re-allege Paragraphs 1 through 44 as and for Paragraph 60 of this Count II.

61. Count II is brought pursuant to Fed. R. Civ. P. 23(a) and 23(b) because the class of plaintiffs is so numerous that joinder of all class members is impracticable.

62. This Count arises from Defendants' willful violation of the IMWL for Defendants' failure to pay Plaintiffs and the class all their earned minimum wages and overtime wages under the provisions of the IMWL. Plaintiffs and the class are current and former employees of Defendants who are due, and who have not been paid, minimum wages and overtime wages for all time worked by them.

63. Section 105/4(a) of the IMWL requires employers to pay employees one and one half times their regular rate for all hours worked over 40 per work week. Section 105/12 provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and for other appropriate relief.

64. Defendants violated the IMWL by regularly and repeatedly failing to properly compensate Plaintiffs and similarly-situated employees for the straight time and overtime they worked each week.

65. The proposed class of similarly situated persons is defined as:

> All individuals who were or are currently employed by Defendants, their subsidiaries, affiliates, predecessors and/or successors, as janitors or other similarly titled positions in the State of Illinois at any time during the relevant statute of limitations whose actual punch-in and punch-out times were rounded to their detriment."

60. Defendants' failure to compensate Plaintiffs and the putative class for the full amount for all time worked violates Section 4(a) of the IMWL. 820 ILCS 105/4(a).

61. The class representatives and the putative class members have been equally affected by Defendants' failure to pay overtime wages.

62. Furthermore, those putative class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

63. The issues involved in this lawsuit present common questions of law and fact, specifically:

> i.    Whether Defendants' janitors were required and/or permitted to arrive early to work before the start of their scheduled shift times and/or remain at the workplace past the end of their scheduled shift times in order to retrieve, gather and prepare their cleaning supplies and equipment and/or for cleaning and re-supplying their cleaning equipment and supplies; and
>
> ii.   Whether the putative class members were unpaid for their pre-shift and post-shift work; and
>
> iii.  Whether the putative class members performed work during at least some of their unpaid lunch breaks.

65. These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

66. The class representatives, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought.

67. The class representatives are able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to class members, to the Court, and to the Defendants.

68. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

WHEREFORE, Plaintiffs, Yesenia Oquendo, Maria Garcia, Marguerita Segura and Delfino Gonzalez pray that this Court award the following relief under Count II:

A.  Certify a class of individuals who were employed by Defendants as hourly-paid non-exempt janitors in the State of Illinois at any time during the relevant statute of limitations period whose actual clock-in and clock-out times were rounded to their detriment;

B.  Declare and find that the Defendants committed one or more of the following acts:

i.  Violated provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq*., by failing to pay minimum wages to Plaintiffs;

ii.  Violated overtime provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq*., by failing to pay overtime wages to Plaintiffs; and

iii.  Willfully violated minimum wage and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq*.

C.  Award compensatory damages, including all regular and overtime pay owed, in an amount according to proof;

D.     Award statutory liquidated damages on all regular and overtime compensation due accruing from the date such amounts were due;

E.     Award all costs and reasonable attorney's fees incurred prosecuting this claim; and

F.     For such further relief as the Court deems just and equitable.

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

**(Brought as a Rule 23 Class Action by Plaintiffs Yesenia Oquendo, Maria Garcia, Marguerita Segura and Delfino Gonzalez, Individually and on Behalf of All Others Similarly Situated)**

69.   Plaintiffs re-allege Paragraphs 1 through 50 and Paragraphs 61-68 as and for Paragraph 69 of this Count III.

70.   Plaintiffs, individually and on behalf of all others similarly situated, bring this Count III to recover from Defendant unpaid wages, overtime compensation, statutory penalties, attorneys' fees, and costs, pursuant to Section 14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14(a).

71.   At all times relevant, Defendant has been an "employer," as that term is defined by Section 2 of the IWPCA, 820 ILCS § 115/2, of the Plaintiffs and members of the putative IWPCA Sub-Class.

72.   At all times relevant, Plaintiffs and the members of the putative IWPCA Sub- Class have been "employees" of Defendant, as that term is defined by Section 2 of the IWPCA, 820 ILCS § 115/2.

73. At all times relevant, and at Defendants' request, Plaintiffs and the members of the putative IWPCA Sub-Class performed work for Defendants before and after their scheduled shift.

74. At all times relevant hereto, Defendant was aware that its hourly employees performed janitorial services before and after their scheduled shift, on a routine basis.

75. The task of performing janitorial services before and after their scheduled shift is an essential component of Defendants' business operations.

76. Defendants at all times considered the tasks performed by janitors before and after their scheduled shifts to be compensable work, had that same work been performed during their scheduled shift.

77. Defendants' employee handbook permits and/or requires its janitorial employees, to perform work for Defendants before and after their scheduled shift.

78. Defendants' managers often observed janitors performing work for Defendants before and after their scheduled shift, and often assisted them in performing that work.

79. Under Defendant's policy and practice, Defendants required Plaintiffs to be present for work before and after their scheduled shift, on a daily basis.

80. Defendants' business records reflected data, so that Defendants, including the Alvarado's, could see and know that hourly employees routinely performed work for Defendants before and after their scheduled shift.

81. Defendants, including the Alvarado's, could see and know that hourly employees routinely performed work for Defendants before and after their scheduled shift.

82. Defendants did not instruct Plaintiffs and similarly situated employees to not perform work for Defendants before and after their scheduled shift

83. Defendant permitted and/or required its hourly employees to perform janitorial duties after the end of their scheduled shift time but before they were allowed to go home or otherwise engage in non-work activities.

84. By knowing of, permitting and/or requiring hourly employees to perform janitorial duties for Defendants before and after their scheduled shift, Defendants assented to hourly employees performing janitorial duties after the end of their scheduled shift times.

85. Defendants assented to pay Plaintiffs and the members of the putative IWPCA Sub-Class at an agreed-upon hourly rate at or in excess of the applicable Illinois Minimum Wage hourly rate, for all work Defendant permitted and/or required, including at 1.5 times their regular hourly rate for all time beyond 40 hours worked in a week.

86. Defendants assented to the hourly employees performing janitorial duties before, during and after their scheduled shifts, including during meal breaks, by, among other means, Defendant's knowledge and awareness of those duties being performed at those times, Defendant's policy and practice of permitting and/or requiring hourly employees to perform janitorial duties and/or work before and after their shifts and during their meal breaks, and before and after they had clocked in or out, by the lack of any instruction or meaningful effort by Defendants to forbid or not allow the janitorial employees to perform janitorial duties before or after their schedules shifts, and through employee manuals and other directives distributed at and after an employee's orientation period that informed Plaintiffs

18

and the members of the putative IWPCA Sub-Class that they must perform janitorial duties before and after their scheduled shifts.

87.   As set forth supra, Defendants also demonstrated their assent to the work by actually participating in pre- and post-shift janitorial work, as well as work during their unpaid meal periods, through the attendance of a management-level employee who would accompany Plaintiffs and the members of the putative IWPCA Sub-Class to perform janitorial duties before and after their scheduled shifts.

88.   Defendant regularly observed, without objection or negative comment, the record and documentation of having Plaintiffs and the members of the putative IWPCA Sub-Class perform pre- and post-shift janitorial work, and work through their meal periods, through their review of the scheduling and performance logs and other documentation of performing pre- and post-shift janitorial work and work during meal periods.

89.   Defendants required, as part of their Policy Manual that Plaintiffs and the members of the putative IWPCA Sub-Class perform pre- and post-shift janitorial duties.

90. Defendants policy manual provides that its employees are to be paid for all time worked, including overtime.

91.  At all times relevant hereto, Defendant considered pre- and post-shift janitorial duties to be work.

92.  When Defendants hired Plaintiffs and the members of the putative IWPCA Sub- Class and advised them of the specific hourly rate they would be paid for all work performed by them, Defendants did not inform Plaintiffs and the members of the putative IWPCA Sub- Class that they would not be paid for the pre- and post-shift janitorial duties they performed.

93.  When Defendants hired Plaintiffs and the members of the putative IWPCA Sub- Class and advised them of the specific hourly rate they would be paid for all work performed by them, Defendants did inform Plaintiffs and the members of the putative IWPCA Sub-Class that rest and meal periods would be intended to provide employees with an opportunity for rest and relaxation, and that employees would be entirely relieved of responsibilities during their meal periods.

94.  Defendants have failed to pay Plaintiffs and the members of the putative IWPCA Sub-Class the full amount due for all time worked on their regularly scheduled paydays, including but not limited to their final compensation, because Defendant did not pay them for the pre-shift, meal period, and post-shift janitorial work described herein, in violation of the IWPCA, 820 ILCS § 115/4.

95.  Defendants have failed to pay Plaintiffs and the putative class the full amount for all hours worked because of the improper practices described herein.

96.  Illinois Statutes 820 ILCS §§115/1 *et seq*. defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties...".

97.  Under the IWPCA, payment to separated employees is termed "final compensation" and is defined as "wages, salaries, earned commissions, earned bonuses...and any other compensation owed the employee by the employer pursuant to any employment contract or agreement between the two parties." 820 ILCS § 115/2.

98.  Illinois Statutes 820 ILCS §115/4 requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after

20

the end of the pay period in which such wages were earned. Illinois Statutes 820 ILCS §115/5 provides that "every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly schedule payday for such employee."

99.  Defendants violated Illinois Statutes 820 ILCS §§115 *et seq*. by regularly and repeatedly failing to properly compensate Plaintiffs and the putative Illinois class members for the actual time they worked each week within 13 days of the date such compensation was earned, and by failing to properly compensate Plaintiffs and class members their rightful wages by the next scheduled payday after their separation.

100. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

101. Plaintiffs and the members of the putative IWPCA Sub-Class have been damaged by not being paid the full amount of wages due to them for all time worked, in an amount not presently ascertainable, for the relevant time period.


   WHEREFORE, Plaintiffs, Yesenia Oquendo, Maria Garcia, Marguerita Segura and Delfino Gonzalez pray that this Court award the following relief under Count III:

   A.   Certify a class of individuals who were employed by Defendants as hourly-paid non-exempt janitors in the State of Illinois at any time during the relevant statute of limitations period whose actual clock-in and clock-out times were rounded to their detriment;

   B.   Declare and find that the Defendants committed one or more of the following acts:

i.   Violated provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq*., by failing to pay minimum wages to Plaintiffs;

ii.  Violated overtime provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq*., by failing to pay overtime wages to Plaintiffs; and

iii. Willfully violated minimum wage and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq*.

C.   Award compensatory damages, including all regular and overtime pay owed, in an amount according to proof;

D.   Award statutory liquidated damages on all regular and overtime compensation due accruing from the date such amounts were due;

E.   Award all costs and reasonable attorney's fees incurred prosecuting this claim; and

F.   For such further relief as the Court deems just and equitable.

JURY DEMANDED ON ALL COUNTS

Date: February 23, 2015

**Respectfully Submitted,
YESENIA OQUENDO, MARIA GARCIA, MARGUERITA SEGURA, and DELFINO GONZALEZ, Individually and on Behalf of All Others Similarly Situated.**

By: /s/ Glen J. Dunn
      Glen J. Dunn
      One of Plaintiffs' attorneys

Jeffrey Grant Brown                  Glen J. Dunn, Jr.
Jeffrey Grant Brown, P.C.            Glen J. Dunn & Associates, Ltd.
221 North LaSalle Street, Suite 1414 221 North LaSalle Street, Suite 1414
Chicago, IL 60601                    Chicago, IL 60601
312.789.9700                         312.546.5056